UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-CV-21963-MOORE/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AMERICANA VILLAGE
CONDOMINIUM ASSOCIATION,
INC.,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR STAY CASE AND MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 12 and Gen. Rule 7.1, Southern District of Florida, Defendant, Americana Village Condominium Association, Inc. (the "Association"), moves for dismissal of the complaint, or, in the alternative, for a stay order pending resolution of a previously-filed state court case concerning the same issues, on the following grounds:

1. Plaintiff, the Department of Housing and Urban Development ("HUD"), an agency of the federal government, filed this action on June 3, 2013. The two-count complaint seeks declaratory relief and damages for breach of contract against the Association.

2. HUD's complaint stems from assessments and fees owed by HUD and its predecessor owner of a condominium unit in the Americana community in Miami-Dade County. The unit was previously foreclosed upon by Wells Fargo Bank, N.A. ("Wells") in state court.[1]

---

[1] *See Wells Fargo Bank, N.A. v. Roberto Rivera, et al.*, Case Number 08-067630 (11th Judicial Circuit).

3. HUD alleges in its Complaint that the loan secured by the mortgage Wells foreclosed on was guaranteed by HUD, and, as such, HUD recorded a Special Warranty Deed subsequent to Wells' Certificate of Title wherein Wells conveyed to HUD.

4. On or about March 24, 2011, the Association filed a lien foreclosure action in the state court. The Association (Defendant here) sought to foreclose its Claim of Lien for unpaid monthly assessments, late charges, and attorneys' fees and costs incurred in the collection process. *See Americana Village Condominium Association, Inc. v. Wells Fargo Bank, N.A., et al.*, Case No. 11-3886-CC-05.

5. On or about April 19, 2013, the Association added HUD as a defendant. The Amended Complaint is attached as **Exhibit 1**.

6. HUD was served with the Amended Complaint on May 17, 2013, but never sought to remove that case to federal court within 30 days as required by 28 U.S.C. §1446(b). Instead, HUD filed this case and has recently moved to quash service of process in the state case.[2]

7. The Association's state court lien/foreclosure complaint seeks relief arising from the same facts HUD outlined in its Complaint in this Court.

## MEMORANDUM

A. **HUD's Complaint Should Be Dismissed or Stayed Because of a Previously Filed Pending Action Between the Same Parties Concerning the Same Issues**

This Court should dismiss or stay this case and abstain from exercising jurisdiction over the matter, which can and should be fully resolved in state court. In *Colorado River Water Cons.*

---

[2] HUD's motion is based on a technicality arguing that the Association did not serve HUD in the proper way. In an abundance of caution, the Association today has re-served HUD to conform fully with the requirements of 28 U.S.C. § 2410.

*Dist. v. United States, 424 U.S. 800 (1976)*, the U.S. Supreme Court addressed the circumstances under which federal courts should abstain from exercising jurisdiction because of a parallel proceeding in state court. The high Court noted that whether to abstain is governed by "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817. Here, the federal and state court cases are parallel because both involve the same parties and the identical issues. Indeed, a determination by this Court as to the merits of HUD's declaratory action would effectively decide a major issue in the state case (namely, whether HUD owes attorneys' fees, late fees, and litigation costs).

The *Colorado River* doctrine of "exceptional circumstances" authorizes a federal "district court to dismiss or stay an action when there is an ongoing parallel action in state court. *Moorer v. Demopolis Waterworks and Sewer Bd.,* 374 F.3d 994, 997 (11th Cir. 2004)(citation omitted). In interpreting *Colorado River*, the Eleventh Circuit Court of Appeal, in *Ambrosia Coal and Constr. Co. v. Morales*, 368 F.3d 1320, 1329-30 (11th Cir. 2004), explained that a federal court considering abstention should conduct two inquiries: (a) whether the state and federal proceedings can be considered parallel, and (b) whether the balancing of six factors weighs in favor of abstention.

The six factors are "(1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights." *Id.* at 1331 (citing *American Bankers Ins. Co. of Fla. v. First State Ins. Co.,* 891 F.2d 882, 884 (11th Cir. 1990)). In addition, the court in *Ambrosia*, relying on *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.,* 460

3

U.S. 1, 17 n. 20 (1983), recognized a seventh factor: that "the vexatious or reactive nature of either the federal or the state litigation may [also] influence the decision whether to defer to a parallel state litigation."[3]

While the above analysis is appropriate, the court may base its decision whether to abstain on any one factor. *See Moorer v. Demopolis Waterworks and Sewer Bd.*, 374 F.3d 994, 997 (11th Cir. 2004) ("One factor alone can be the sole motivating reason for the abstention.").

In this case, each of the factors weighs in favor of abstention. The first factor has been fulfilled because the state court has already exercised jurisdiction over the real property. Secondly, the Southern District of Florida is a relatively inconvenient forum given that state court litigation has begun and is proceeding and alternate rules of civil procedure will necessarily be employed in this court leading to duplicative litigation and wasted judicial and attorney resources and cause the parties to engage in two suits over a relatively small sum of money.

Moreover, with regard to the third factor, there exists a high likelihood of piecemeal litigation. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *See R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 979 (9th Cir. 2011) (cited in *Hendricks v. Mortgage Elec. Registration Sys.*, 2013 U.S. Dist. LEXIS 44620 (Fla.M.D. 2013)); *see also Beepot v. J.P. Morgan Chase Nat. Corp. Svcs.*, No. 3:10-cv-423-J-34TEM, 2011 U.S. Dist. LEXIS 113124, (M.D. Fla. Sept. 30, 2011) (finding the third *Colorado River* factor weighed heavily in favor of abstention in the case of property that was the subject of a federal court action and a state court foreclosure action

---

[3] Another consideration under the *Colorado River* analysis is also the possibility of forum shopping. *See, e.g., Nakash v. Marciano*, 882 F.2d 1411 (9th Cir. 1989) (stating that the "attempt to forum shop or avoid adverse rulings by the state court...weighs strongly in favor of abstention"); *Geomat & Sons, Inc. v. H.K. & Shanghai Banking Corp.*, 2011 U.S. Dist. LEXIS 35543 (Dist. Guam March 25, 2011) (analyzing the *Colorado River* abstention doctrine, finding the Ninth Circuit has generally included forum shopping as a factor).

because if both actions were allowed to "proceed independently, there [was] a risk of inconsistent results, which would throw the ownership of the subject property in turmoil, and lead to an 'abnormally excessive or deleterious' result.").

In this case, HUD's declaratory action seeks determination of a Florida law issue that is critical to resolution of the state court case, leading to the possibility of inconsistent outcomes in the federal and state court over an issue that is purely one of state law. *See Colorado River*, 424 U.S. at 814, recognizing that "[a]bstention is also appropriate where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." *See also Preston v. Fishman*, No. 8:10-cv-2300-T-23TBM, 2011 WL 129843 (M.D. Fla. Jan. 14, 2011) at 2 ("Maintenance of parallel actions" promotes "an unseemly 'race' between the state and federal courts and [creates the opportunity] for inconsistent results at the race's conclusion.").

The fourth factor also weighs in favor of abstention because, as stated above, the state court case was filed before this one.

Furthermore, as to the fifth factor, the merits of HUD's claims are to be decided under Florida condominium law (Chapter 718, Fla. Stat.) and HUD's causes of action call for federal interpretation of state law issues where there presently exists no state appellate guidance on point.

The sixth factor also supports abstention because the state court in this particular case is able to protect the parties' rights to the same extent as this Court. Significantly, Florida state courts routinely adjudicate similar cases arising under Florida condominium law.

The last factor may also be satisfied because HUD's filing of this matter could be a vexatious reaction to its failing to remove the case to federal court within the 30-day timeframe outlined in 28 U.S.C. §1446(b), which states plainly that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the *receipt* by defendant . . . of a copy of the initial pleading setting forth the claim for relief.

28 U.S.C. §1446(b) (emphasis added).[4] It is "receipt" -- not proper service -- that triggers the start of the 30-day period during which removal must occur.

Finally, by filing the current action, HUD appears to be forum shopping, and as such this court should stay or dismiss this case. *See Nakash v. Marciano*, 882 F.2d 1411 (9th Cir. 1989) (stating that forum shopping "weighs strongly in favor of abstention"). In the state court case, HUD had and still has the opportunity to seek the same relief it seeks in this Court, and the identical legal issues are and have been pending in state court. Despite this, HUD seeks federal litigation of its causes of action and state law issues. This species of forum shopping is the kind of piecemeal litigation that could lead to inconsistent outcomes, frustrating the efforts of the parties in both cases.

As outlined above, consideration of the relevant factors in this case weighs heavily in favor of abstention. Accordingly, this Court should abstain from adjudicating HUD's claims, and should dismiss or stay this action pending resolution of the state court action.

---

[4] *See also Barbour v. Int'l Union*, 2011 U.S. App. LEXIS 1695 (4th Cir. 2011) (remanding a case back to state court and stating that "if a case involves a single defendant, the operation of 28 U.S.C.S. §1446(b) is straightforward. The defendant must file the notice of removal within thirty days of service.").

B.  **This Court Should Dismiss or Stay This Case Under the Doctrine of Comity**

This Court may also dismiss or stay this action on comity grounds. Under the doctrine of comity, a court may stay a lawsuit because a substantially similar case is pending in another court, which first acquired jurisdiction. *See Spacebox Dover, LLC v. LSREF2 Baron LLC*, 112 So. 3d 751 (Fla. 2d DCA 2013) (citing to *In re Guardianship of Morrison*, 972 So. 2d 905, 908 (Fla. 2d DCA 2007)). Application of the doctrine has the effect of preventing unnecessary and duplicative lawsuits which burden all parties. *Id.* (citing *Siegel v. Siegel*, 575 So. 2d 1267, 1272 (Fla. 1991)).

A trial court should grant a stay unless there are special circumstances that warrant the denial of a stay. "Thus, absent any such special circumstances, a trial court abuses its discretion in refusing to grant a stay based on the principle of priority." *Id.* (citing *Norris v. Norris*, 573 So. 2d 1085, 1086 (Fla. 4th DCA 1991)).

Complete identity—of parties or causes of action—is not required for a stay; substantial similarity is sufficient. *Id.* "[I]t is sufficient that the two actions involve a single set of facts and that resolution of the one case will resolve many of the issues involved in the subsequently filed case." *Id.* (quoting *Fla. Crushed Stone Co. v. Travelers Indem. Co.*, 632 So. 2d 217, 220 (Fla. 5th DCA 1994)). Here, the first-filed state court case, includes these parties and concerns the very same issues. A stay pursuant to the doctrine of comity is clearly warranted.

## CONCLUSION

Based on the foregoing, Defendant Americana Village Condominium Association, Inc. requests that the Court abstain from exercising jurisdiction over this case and either dismiss HUD's complaint or stay the action pending resolution of the state court proceedings, and award

the Defendant such relief as it deems proper.

s/. Susan H. Aprill
Susan H. Aprill
Fla. Bar No. 346934
email: saprill@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza
100 Southeast 3rd Avenue, 21st Floor
Fort Lauderdale, Florida 33394
Telephone: (954) 377-8100
Facsimile: (954) 377-8101

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 15, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

s/. Susan H. Aprill

Case No. 13-CV-21963-MOORE/TORRES

## SERVICE LIST

Case No. 13-CV-21963-MOORE/TORRES

Adam Cervera
Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, FL  33134
Tel: (305) 262-4433
Fax: (305) 442-2232
email: acervera@becker-poliakoff.com
Attorney for Plaintiff

Robert E. Paige
Paige Law Group, P.A.
9500 South Dadeland Boulevard
Suite 550
Miami, FL 33156
Tel: (305) 670-0020
Fax: (305) 670-0022
email: rep@paigelawgroup.com
State court counsel for Defendant

W:\86607\MTNDIS73-FINAL HUD Complaint-SA.docx